**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re:<br><br>KENROB INFORMATION TECHNOLOGY SOLUTIONS, INC.,<br><br>Debtor. | Case No. 09-19660-RGM<br>(Chapter 7) |
| H. JASON GOLD, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Adv. Proc. No. 11-1633 |

| | |
|---|---|
| In re:<br><br>KENROB INFORMATION TECHNOLOGY SOLUTIONS, INC.,<br><br>Debtor. | Case No. 09-19660-RGM<br>(Chapter 7) |
| H. JASON GOLD, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. ROBINSON, et al,<br><br>Defendants. | Adv. Proc. No. 11-1635 |

**MEMORANDUM OPINION**

THIS CASE is before the court on the cross-motions for summary judgment of the United States and the Chapter 7 Trustee.

The essential facts in this case are that Kenrob Information Technology Solutions, Inc., the debtor, is a chapter S corporation. As such, it does not pay taxes itself but passes through the tax liability to its shareholders. The shareholders, Kenneth and Sylvia Robinson and Mark Schuler, pay the taxes as a part of their personal income tax return. By agreement between the shareholders and the corporation, the corporation was obligated to reimburse the shareholders for the additional income taxes attributable to the pass-through liability from the corporation. In April, 2007, the corporation paid the personal income taxes attributable to the pass-through liability directly to the Internal Revenue Service. The tax payments were applied to the shareholder's personal tax returns. The corporation did so again in April, 2008.

The trustee asserts that these transactions are fraudulent conveyance because they were made without consideration by the corporation.

**Standard for Summary Judgment**

Under the Federal Rules of Civil Procedure a party may move for summary judgment on a claim or defense and the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty* Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986) (emphasis in original). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Once a party has shown that there is no genuine issue of material fact, and the party is entitled to judgment as a matter

of law, then summary judgment will be granted.

**Discussion**

The trustee disputes some of the facts asserted by the IRS to be undisputed, in particular, the existence of a shareholder agreement obligating the corporation to reimburse the shareholders for taxes attributable to the pass-through liability. The trustee points to deposition testimony of both Mr. Robinson and Mr. Schuler, that they do not recall signing the shareholder agreement and the absence of a fully executed agreement. There is a copy of a redlined agreement, but not a final executed document. The IRS points to the unequivocal testimony of both Mr. Robinson and Mr. Schuler that there was an agreement, that all of the parties acted in accordance with the agreement and the shareholders would not have agreed to a chapter S election had there not been an agreement to reimburse the additional tax liability.

A party opposing a motion for summary judgment cannot simply rely on denial of a material fact. It must present evidence sufficient to show that the fact is in dispute. While it is true that Mr. Robinson and Mr. Schuler did testify that they could not recall having executed the final document and a final document was not produced, they were unequivocal in their testimony that there was an agreement, that they and the corporation acted in accordance with it over a number of years, and they would not have made the chapter S election or continued it in effect had there not been such an agreement. The court concludes that the fact of the existence of an agreement is not generally in dispute. The mere absence of a copy of the executed document does not show that there was no such agreement, particularly here, where the agreement has been fully performed.

The second issue is consideration. Consideration need not come directly from the party to whom the payment is made. That means that the IRS need not have given any consideration to the

corporation. Consideration may be derived from a third party. Broadly stated, "as long as the unsecured creditors are no worse off because the debtor, and consequently the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred." *Harman v. First American Bank of Maryland (In re Jeffery Bigelow Design Group, Inc.)*, 956 F.2d 479, 484 (4th Cir. 1992). In addition, as the Court of Appeals for the Third Circuit stated:

> indirect benefits may also be evaluated. If the consideration Metro received from the transaction, even though indirect, approximates the value it gave TCI, this can satisfy the terms of the statute. *See Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 991 (2nd Cir. 1981) (although transfers solely for the benefit of third parties do not furnish fair consideration, the transaction's benefit to the debtor need not be direct and may come through a third party).

*Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 646-47 (3rd Cir. 1991).

In this instance, it is clear that there is a benefit derived by the corporation from this arrangement. The summary judgment record shows a taxable income of $1,559,954, which was passed through to the shareholders. The IRS calculated the tax that would have been paid by the corporation had it been a chapter C corporation and not a chapter S corporation. The benefit to the corporation of the election was significant. In addition, Mr. Schuler testified that he was not fully reimbursed for all of the taxes for which he should have been reimbursed. He completed his tax return and the corporation paid the balance of the tax due, that is, the balance of the tax due after the amounts that he had paid by withholding taxes during the year. As it turns out, he had over withheld. This means simply that had there been no pass-through liability from the corporation, he would have received a refund on his personal income taxes. This amount should have been reimbursed to him by the corporation. He did not request reimbursement because he wanted to assist the corporation in its cash flow.

In addition to the reduction of taxes, the corporation also received the benefit of not

distributing its income to the shareholders even though that income was passed through for tax purposes. The shareholders left the money in the corporation to be used for corporate purposes. Had they insisted upon distribution to themselves – they were all of the directors of the corporation – the corporation would have been stripped of more than $1.2 million dollars that it used as operating capital.

The trustee asserts that the shareholders' agreement made years before the transaction is not sufficient. There is no requirement that the consideration be contemporaneous. The consideration was the election by the shareholders of the corporation to be taxed as a chapter S corporation as long as the corporation paid their additional personal taxes. There was a continuing benefit to the corporation over the years and a continuing obligation on the part of the corporation to reimburse the shareholders.

The trustee asserts that there is a dispute as to material fact in the computation of the value of the election. It asserts that the calculation by the IRS is incorrect because the corporation could have planned for its taxes in other manners which might have reduced the taxes as well and would have engaged in such tax planning had there been no chapter S election. This is of no moment. The court will not speculate as to what alternative tax planning measures could have been taken. The court deals with the facts as presented. The facts are that it was a chapter S corporation and that the corporation did not engage in other tax planning. The mere prospect of hypothetical alternative tax planning without any supporting documentation in the summary judgment record as to what it would have been or the effect of it does not create a genuine dispute as to a material fact.

**Conclusion**

The agreement between the shareholders and the corporation was valuable consideration to the corporation where the tax payments on behalf of the shareholders represented no more than the pass-through tax liability. The payment of the associated tax liability does not constitute a constructively fraudulent transaction.[1]

Alexandria, Virginia
July 10, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Lauren Friend McKelvey
Joel L. Dahnke

17848

[1]The trustee does not assert that the payment to the IRS on behalf of the Robinsons exceeded the amount that arose from the pass-through liability.